**TOBIN, Secretary of Labor, v. JOHNSON et al.**

**No. 126.**

United States District Court, W. D. Missouri, W. D.

Sept. 14, 1951.

492

William S. Tyson, Solicitor of Labor, John J. Babé, Asst. Sol., Washington, D. C., Reid Williams, Regional Atty., and William C. Cull, Atty., Kansas City, Mo., for plaintiff.

Charles F. Lamkin, Jr. (of Warrick, Brewer & Lamkin) Kansas City, Mo., for defendants.

DUNCAN, District Judge.

Plaintiff instituted this action against the defendants to enjoin them from violating the provisions of § 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, U.S.C.A., Title 29, § 201 et seq.

The essential facts are not in dispute. The defendants own and operate rock quarries at Carrollton and several other places in the State of Missouri, and produce quarry run rock, ballast, crushed stone and asphalt mix.

The defendants admittedly did not pay their employees in accordance with the provisions of the Fair Labor Standards Act, it being their contention that they were not engaged in commerce, or the production of goods for commerce, and therefore, were not required to do so. None of the goods produced by the defendants were shipped out of the State of Missouri either by them or by any other person who purchased said materials, and they were used exclusively in construction within the State of Missouri.

The defendants sold a substantial portion of their products to the State of Missouri, to counties and other governmental units to be used in the repair of motoring highways. They also sold substantial portions to the United States Government or to persons holding contracts under the United States Government for use in the building of dikes, revetments and other types of construction in the Missouri River, an instrumentality of interstate commerce. Plaintiff contends that such use of the rock brings the employees of the defendants within the provisions of the Act.

Following a trial of the case, each side submitted well prepared and lengthy briefs, and thereafter argued the case orally. No cases directly determinative of the questions involved were presented to the court.

Following the passage of the Act, and up until 1945 it was not contended by the administrator that persons engaged in this type work (rock quarries such as the one in question here) were under the provisions of the Act, but in 1945 the Commissioner, by Executive Order [1] determined that such employees were under the Act, and for that reason, now seeks to require compliance with the Act by these defendants.

It is my view, and I therefore conclude that no portion of said materials were moving in commerce, that the defendants were not producing goods for commerce, and for that reason, the employees of the defendants are not covered by the Act, and the plaintiff's complaint is dismissed.

[1] "The courts have indicated that goods are produced 'for commerce,' even though they do not subsequently leave the state, if they are produced in order to supply the needs of interstate commerce, or to serve as an essential part of such commerce, or to aid or facilitate the carrying on of interstate commerce by essential instrumentalities or facilities of commerce such as interstate railroads, highways, telegraph or telephone systems, pipe lines. airports, harbors and the like. For example, employees must be considered engaged in the production of goods for interstate commerce when engaged within a State in such activities as producing ice, electric energy, railroad ties, *crushed rock*, bituminous aggregate, ready-mixed concrete, telephone and telegraph poles, or other similar items for use or consumption wholly within the same State by interstate railroads, telegraph or telephone communication; or for use or consumption within the State in the maintenance, repair or reconstruction of essential instrumentalities of interstate trade, commerce, transportation, transmission or communication." 29 C. F.R. 241, § 776.7(c) (1949) (E. S.)

It Is Therefore Ordered and Adjudged By the Court that the plaintiff take nothing by his suit, and that the defendants go hence without day.